James C. Young, Appellant, v. Thomas Snell *et al.*

Quieting Title: ESTOPPEL BY LACHES. A railroad company, under a grant from a state, earned land by completion of its road, but made no selection thereof until nine years later. The

county records show that before the date of the grant the land
was conveyed by the county to D, and by him to defendant.
After selection by the railroad company, a further period of
fifteen years elapsed before the land was certified to the com-
pany. The company allowed five years more to elapse before
bringing suit to quiet title. During all this time defendant
had paid taxes on the land, and made valuable improvements.
Ten years prior to the present action, he had obtained a decree
quieting title in him. *Held*, that the company's grantees were
estopped by its laches from claiming title to the land.

*Appeal from Webster District Court.*—HON. S. M. WEAVER,
Judge.

TUESDAY, OCTOBER 22, 1901.

ACTION to quiet title to land. Judgment affirming title
in the defendant Thomas Snell. The plaintiff appeals.—
*Affirmed.*

*Wright & Nugent* and *Wesley Martin* for appellant.

*Frank Farrell* for appellee.

SHERWIN, J.—The land in question was selected by
Webster county under the "swamp land act" of 1850, and
was by the county deeded to John F. Duncombe in 1860,
who in turn deeded it to the defendant Snell in 1861, and it
is through this chain of title that he now claims. The plain-
tiff's title is based upon the railroad grant of 1856, under
which the land was certified to the Dubuque & Sioux City
Railroad Company, March 13, 1893. It does not appear that
this land was ever patented to the state under the swamp
land act, and it is probably true that, so far as the abstract
question of title under this act and under the railroad grant
is concerned, it has been definitely settled in favor of the
title under the railroad grant, in *Rodgers Locomotive Mach.
Works v. American Emigrant Co.,* 164 U. S. 559 (17 Sup.
Ct. Rep. 188, 41 L. Ed. 552). But the *Rodgers Case* is not
necessarily decisive of the case at bar, for the reason that

in this case an estoppel by laches is pleaded and also a former adjudication. Under the railroad grant the Dubuque & Sioux City Railroad Company was entitled to all unsold public lands in the odd-numbered sections within six miles of its road, and for all the land which had been sold out of said sections it was entitled to an equal number of acres from other tracts owned by the United States within fifteen miles of its line of road. The road was completed through Webster county in 1869, and in 1877 the company's agent examined and surveyed the land in question, which is outside the six-mile limit, and selected the same for the company in 1878. It will be observed that a period of nine years had elapsed after the land was earned by the railroad company before even a selection of the land in question was made, and, further, that during all of this time the records of Webster county showed that it had been conveyed by the county to Mr. Duncombe, and by him to the defendant Snell. From 1878 to 1893 a further period of fifteen years passed before the land was certified to the railroad company. In 1887 the land was taken possession of by a tenant of the defendant Snell, and was drained and improved, and has ever since been occupied. After its certification the railroad company or its grantees permitted five years more to elapse before bringing this action. In fact, it seems quite clear that the delay was intentional, awaiting, perhaps, the results of the pending litigation of similar questions. During the eleven years of this time the efforts of the defendant Snell were increasing the value of the land rapidly, yet no knowledge was conveyed to him that the railroad company was slowly moving the machinery to dispossess him. For over forty years he had paid the taxes thereon, and since 1889 had also rested upon a decree of the court quieting the title in him. With these facts appearing in the record undisputed, we think the trial court rightly held that plaintiff was estopped by his grantor's laches. *Young v. Hanson,* 95 Iowa, 717; *Bourne v. Ragan,* 96 Iowa, 571.

This case is to be distinguished from that of *Young v. Charnquist,* 114 Iowa, 116, in this respect: Here Snell has been in possession and has held the title since 1861. The land was earned by the railraod company in 1869, and not until 1878 did it make the selection upon which it now relies; while in the *Charnquist Case* the title did not pass to the defendant until 1887, and it is there held that he is not in a situation to complain of the laches of the company before he purchased.

The judgment of the district court is AFFIRMED.